J-S11040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAKE KNIGHT | : | |
| | : | |
| Appellant | : | No. 1061 WDA 2025 |
| | : | |

Appeal from the PCRA Order Entered August 21, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006386-2014

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED:  June 30, 2026**

Jake Knight appeals from the order, entered in the Court of Common Pleas of Allegheny County, denying his amended petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  For the reasons that follow, we vacate the order and remand to the PCRA court for further proceedings.

Due to our disposition, a lengthy recitation of the facts is unnecessary. On the evening of April 10, 2014, Knight and an accomplice, each armed with a gun and wearing a half-mask and all-black clothing, entered an occupied apartment in Hawkins Village, in the Borough of Rankin, Allegheny County. While in the apartment, Knight shot one of the occupants, Lee Williams, in the chest; Williams later died from his wounds.  Following a jury trial, on August

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

26, 2016, Knight was found guilty of one count each of second-degree murder,[2] conspiracy to commit burglary,[3] and burglary[4] and three counts of recklessly endangering another person (REAP).[5] On November 17, 2016, Knight was sentenced to life imprisonment on his conviction of second-degree murder, plus an aggregate sentence of one to two years' incarceration on the conspiracy and REAP charges, to be served concurrently to his life sentence. No further penalty was assessed on the burglary conviction. Knight filed a post-sentence motion that was denied by the trial court on February 15, 2017.

Knight filed an appeal with this Court, and his judgment of sentence was affirmed on November 29, 2017. *See Commonwealth v. Knight*, 181 A.3d 453 (Pa. Super. 2017) (Table). His petition for allowance of appeal to our Supreme Court was denied on April 17, 2018. *See id.*, 646 Pa. 214 (Pa. 2018) (Table).

On June 24, 2019, Knight filed a timely *pro se* PCRA petition,[6] his first. The PCRA court appointed Rachael Santoriella, Esquire, to represent Knight

---

[2] 18 Pa.C.S.A. § 2502(b).

[3] *Id.* at § 903.

[4] *Id.* at 3502(a)(1).

[5] *Id.* at § 2705.

[6] Instantly, Knight's judgment of sentence became final on July 16, 2018, when the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme

*(Footnote Continued Next Page)*

and either file an amended PCRA petition or a "no merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). Following the grant of several extensions, Attorney Santoriella filed an amended PCRA petition on April 27, 2020. The Commonwealth filed an answer to Knight's amended PCRA petition on June 25, 2020.

On June 21, 2021, Attorney Santoriella filed a motion for leave to withdraw as counsel, pursuant to Knight's request. On July 13, 2021, the PCRA court granted Attorney Santoriella's motion to withdraw and appointed Lisle T. Weaver, Esquire, as Knight's PCRA counsel. On August 19, 2024, Attorney Weaver filed a second amended PCRA petition, raising two claims of ineffective assistance of trial counsel. On December 13, 2024, the Commonwealth filed an answer to Knight's second amended PCRA petition.

On July 21, 2025, the PCRA court filed a notice of intention to dismiss without a hearing pursuant to Pa.R.Crim.P. 907 upon finding that there were no genuine issues of material fact and Knight was not entitled to PCRA relief. Knight did not file a response. On August 21, 2025, the PCRA court denied

_____

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13(1) (setting 90-day deadline for filing petition for writ of certiorari). Therefore, Knight had until July 16, 2019 to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1) (absent exception, petition for PCRA relief must be filed within one year of date on which judgment of sentence becomes final).

Knight's PCRA petition. Knight filed this timely appeal. Both the PCRA court and Knight complied with the requirements of Pa.R.A.P. 1925.[7]

On appeal, Knight raises two claims alleging trial counsel's ineffectiveness. Prior to considering those claims, however, we must address an issue related to the legality of Knight's sentence.[8]

As mentioned above, Knight was convicted of second-degree murder, and the trial court imposed a term of life imprisonment without the possibility of parole. **See** 18 Pa.C.S.A. 1102(b) ("[A] person who has been convicted of murder of the second degree. . . shall be sentenced to a term of life imprisonment."). While Knight's PCRA appeal was pending, the Pennsylvania Supreme Court decided **Commonwealth v. Lee**, --- A.3d ---, 2026 Pa. LEXIS 553, *107-08 (Pa. 2026), which held that the mandatory nature of the sentencing scheme for second-degree murder under subsection 1102(b) was unconstitutional pursuant to Article 1, Section 13 of the Pennsylvania Constitution. **See** Pa. Const. Art. I, § 13 (prohibiting cruel punishments). However, the **Lee** Court stayed its order for 120 days to provide a reasonable

---

[7] In lieu of a 1925(a) opinion, the PCRA court filed an order incorporating by reference its analysis in its notice of intention to dismiss. **See** PCRA Court Order in Lieu of Opinion, 9/10/25, at 1.

[8] Knight filed a timely PCRA petition and, thus, we have jurisdiction to entertain his petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (timeliness of PCRA petition is threshold jurisdictional question). So long as we have jurisdiction to hear the petition, we may address the legality of a petitioner's sentence *sua sponte*. **See Commonwealth v. Pope**, 216 A.3d 299, 303 (Pa. Super. 2019) (explaining that challenge to legality of sentence cannot be waived and can be considered *sua sponte* on appeal if PCRA petition is timely).

- 4 -

amount of time for the Pennsylvania General Assembly to consider remedial measures. **Lee**, **supra** at *109.

Accordingly, we conclude the most prudent course is to remand Knight's case to the PCRA court to permit Knight to file an amended PCRA petition to address any sentencing claim he may wish to raise pursuant to **Lee**. **See Commonwealth v. Greer**, 316 A.3d 623, 630-31 (Pa. 2024) (PCRA court should have first opportunity to address factual and legal claims; appellate court's proper role is to review PCRA court's decision for error of law or abuse of discretion). Therefore, we vacate the order dismissing Knight's PCRA petition and remand this case for further proceedings.[9]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/30/2026

---

[9] Because we remand this appeal to the PCRA court for further proceedings, we do not address the merits of Knight's claims on appeal.

- 5 -